[Cite as *State ex rel. Southwest Community Health Sys. v. Indus. Comm. of Ohio*, 2026-Ohio-3031.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| State ex rel. Southwest Community Health System, | : | |
| | : | |
| Relator, | : | No. 25AP-127 |
| | : | |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| Industrial Commission of Ohio et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on August 6, 2026

**On brief:** *Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Scott W. Gedeon,* and *Steven A. Boggins,* for relator.
**Argued:** *Steven A. Boggins.*

**On brief:** [*Andy Wilson*], Attorney General, *Denise A. Corea,* for Industrial Commission of Ohio.
**Argued:** *Denise A. Corea.*

**On brief:** *Robin J. Peterson Company, LLC*, and *Robin J. Peterson*, for Elizabeth Edwards.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

MENTEL, J.

{¶ 1} Relator, Southwest Community Health System ("employer"), brings this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to reverse its decision granting the application for permanent total disability ("PTD") filed by respondent, Elizabeth Edwards, and issue an order denying her application for PTD.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On February 5, 2026, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny the employer's petition for a writ of mandamus as the commission's decision was based upon some evidence in the record. The magistrate relied on the reports of Drs. Priti Nair and Dominic Haynesworth, which contained substantial detailed summaries of the multitude of subjective visual, balance, and cervical complaints as well as objective evidence to support those subjective complaints. (Appended Mag.'s Decision at 11.)

{¶ 3} On February 17, 2026, the employer filed objections to the magistrate's decision. Edwards and the commission filed memorandums in opposition on March 2, 2026 and March 12, 2026, respectively.

{¶ 4} Pursuant to Civ.R. 53(D)(4)(d), we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." We may adopt or reject a magistrate's decision in whole or in part, with or without modification.

{¶ 5} In order for this court to issue a writ of mandamus from a determination of the commission, the employer must show a clear legal right to the relief sought, and that the commission has a clear legal duty to provide such relief. *State ex rel. Freedom Ctr. v. Indus. Comm.*, 2024-Ohio-1376, ¶ 4 (10th Dist.), citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). " 'A clear legal right to a writ of mandamus exists when the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record.' " (Further citation omitted.) *Freedom Ctr.* at ¶ 4, quoting *State ex rel. Metz v. GTC, Inc.*, 2015-Ohio-1348, ¶ 11. We will not disturb the commission's decision if there is "some evidence" to support it. *Id.*, citing *State ex rel. Fiber-Lite Corp. v. Indus. Comm.*, 36 Ohio St.3d 202 (1988).

{¶ 6} The employer first objects to the magistrate's decision writing, "[t]he Magistrate erred in concluding that the reports of Dr. Nair and Dr. Haynesworth satisfy [Adm.Code] 4121-3-34(D)(3)(d)." (Emphasis omitted.) (Obj.'s at 5.)

{¶ 7} Adm.Code 4121-3-34(D)(3)(d) provides "All medical evidence of impairment shall be based on objective findings reasonably demonstrable and medical reports that are submitted shall be in conformity with the industrial commission medical examination

manual." Upon review, we agree with the magistrate that the reports of Dr. Nair and Dr. Haynesworth satisfied Adm.Code 4121-3-34(D)(3)(d) by providing objective findings to support the disability determinations. As noted by the magistrate, while Dr. Haynesworth included a summary of Edwards' subjective complaints, he also made objective findings related to the allowed cervical strain as Edwards "exhibited tenderness with palpation to the posterior, left, and right cervical spine; loss of cervical lordosis; tissue tone changes in her neck with right and left trapezius spasm; and stiffness with neck flexion, extension, and rotation." (Appended Mag.'s Decision at 10-11.) The magistrate went on to explain Dr. Nair also made objective findings to support his disability determination. Dr. Nair noted Edwards had a MOCA evaluation score of 28/30 as well as deficits in attention and concentration. Dr. Nair "found that his physical examination revealed [Edwards] had a slightly wide-based gait pattern, strabismus of the left eye, diminished mobility on the left lateral gaze, diminished convergence of the left eye, and impaired balance in standing that worsened with eyes closed." (Appended Mag.'s Decision at 11.) Based on these findings, Dr. Nair concluded Edwards was unable to work in any capacity due to her impaired vision and balance. Likewise, Dr. Haynesworth found Edwards was permanently and totally disabled from all forms of gainful work from a practical standpoint and incapable of sustained remunerative employment.

{¶ 8} While the employer cites a series of "typical" objective findings, see employer's objections at 6, it cites no authority, and we can find none, that would limit the objective findings to the employer's proposed list. As such, we find the magistrate did not err by concluding that the reports of Dr. Nair and Dr. Haynesworth presented objective findings satisfying Adm.Code 4121-3-34(D)(3)(d). The employer's first objection is overruled.

{¶ 9} The employer next objects to the magistrate's decision writing "[t]he Magistrate misapplied the 'some evidence' doctrine by treating legally insufficient medical reports as adequate." (Emphasis omitted.) (Obj.'s at 6.)

{¶ 10} The commission has the exclusive authority to evaluate the weight and credibility of the evidence. *State ex rel. Rumpke Consol. Cos.*, 2017-Ohio-6988, ¶ 39 (10th Dist.), citing *State ex. rel. Cherryhill Mgt. v. Indus. Comm.*, 2007-Ohio-5508, citing *State ex rel. Nerlinger v. AJR Ents., Inc.*, 2007-Ohio-6438, ¶ 7. The Supreme Court of Ohio has

explained the limited scope of a reviewing court when considering the commission's findings:

> Reviewing courts must not micromanage the commission as it carries out the business of compensating for industrial/occupational injuries and illness. The commission is the exclusive evaluator of evidentiary weight and disability. Moreover, review of a commission order in mandamus is not *de novo*, and courts must defer to the commission's expertise in evaluating disability, not substitute their judgment for the commission's.

(Further citation omitted.) *Freedom Ctr.* at ¶ 5, quoting *State ex rel. Mobley v. Indus. Comm.,* 1997-Ohio-181 (10th Dist.).

{¶ 11} Here, the employer's objection is predicated on the belief that the magistrate erred by finding that the physicians' medical reports provided objective findings. For the reasons previously set forth in this decision, we find that the magistrate did not err by concluding that the reports of Drs. Nair and Haynesworth presented objective findings satisfying Adm.Code 4121-3-34(D)(3)(d). As such, our review finds that the commission's disability determination was adequately explained and based on some evidence. At base, the employer seeks to reweigh the evidence. "Where a commission order is adequately explained and based on some evidence, even evidence that may be persuasively contradicted by other evidence of record, the order will not be disturbed." *Freedom Ctr.* at ¶ 5. Here, the magistrate found that Dr. Nair attributed her findings to the allowed concussion in the claim and Dr. Haynesworth correlated his findings to the allowed cervical strain. (Appended Mag.'s Decision at 10-11.) Because we also find that the commission's order was adequately explained and based on some evidence, we find that the magistrate did not err in his application of the "some evidence" standard. The employer's second objection is overruled.

{¶ 12} Finally, the employer objects to the magistrate's decision arguing "[he] failed to address the absence of objective evidence establishing total inability to perform sustained remunerative employment." (Emphasis omitted.) (Obj.'s at 8.)

{¶ 13} Again, we disagree that there was an absence of objective evidence establishing total inability to perform sustained remunerative employment. The magistrate repeatedly noted the objective evidence in the case. In relevant part, the magistrate found "the SHO's decision was based upon some evidence in the record; specifically, Drs. Nair

and Haynesworth's reports. The reports clearly contained substantial detailed summaries of the multitude of subjective visual, balance, and cervical complaints, but the reports also contained some objective evidence to support these subjective complaints." (Appended Mag.'s Decision at 11.) We agree with the magistrate that the order was adequately explained and based on some evidence upon which the commission properly relied in finding Edwards was entitled to permanent total disability benefits. Thus, even if there is other evidence in the record that could appear contradictory to that relied upon by the commission, that is inconsequential to our review of the commission's ultimate determination.

{¶ 14} Upon review of the magistrate's decision, as well as an independent review of the record and due consideration of the employer's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. As such, we overrule the employer's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we deny the employer's petition for a writ of mandamus.

*Objections overruled*;
*writ of mandamus denied*.

BOGGS, P.J. and EDELSTEIN, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Southwest Community Health System, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 25AP-127 |
| | : | |
| Industrial Commission of Ohio et al, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 5, 2026

---

*Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Scott W. Gedeon*, and *Steven A. Boggins*, for relator.

*Dave Yost*, Attorney General, and *Denise A. Corea*, for respondent Industrial Commission of Ohio.

*Robin J. Peterson Company, LLC*, and *Robin J. Peterson*, for respondent Elizabeth Edwards.

---

IN MANDAMUS

{¶ 15} Relator, Southwest Community Health System ("employer"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to reverse its decision that granted the application for permanent total disability ("PTD") filed by respondent, Elizabeth A. Edwards ("claimant") and issue an order denying claimant's application for PTD.

Findings of Fact:

{¶ 16} 1. On October 23, 2021, claimant was injured while in the course of her employment as a respiratory therapist for employer. She filed a workers' compensation claim, and her claim was allowed for concussion without loss of consciousness, cervical strain, and post-concussion syndrome. Claimant received temporary total disability compensation ("TTD"), which was eventually terminated based upon maximum medical improvement ("MMI") of the allowed conditions.

{¶ 17} 2. In a November 27, 2023, report, Dominic Haynesworth, M.D., found the following: (1) claimant has subjective complaints of continued difficulties with symptoms related to her post-concussion syndrome, including daily migraines, difficulty finding words when speaking, continued visual problems, balance issues, ringing in her ears, emotional difficulties, nausea, lack of appetite, weight loss due to her medication for visual symptoms, visual snow syndrome, mirrored vision, visual glitter and floaters, light and sound sensitivity, bilateral tinnitus, difficulty with sleep, difficulty concentrating, lack of short-term memory, "foggy," constant irritation or depression, inability to drive a car, neck pain of 4-6/10, neck achiness and stiffness, and tingling fingers; (2) mental evaluation showed claimant was alert and oriented x3 with normal mood and affect; (3) claimant is well groomed and well nourished; (4) head, neck, eyes, ears, and throat examinations are unremarkable; (5) claimant has normal cardiovascular, respiratory, abdomen, and neurological findings; (6) claimant has a normal gait; (7) claimant exhibits tenderness with palpation to posterior cervical (neck), left side of neck and right side of neck; loss of cervical lordosis; and tissue tone changes in her neck with right and left trapezius spasm; (8) claimant experiences stiffness with neck flexion, extension, and rotation; (9) cervical orthopedic testing is normal; (10) claimant is unable to work in any capacity due to the allowed claim conditions; (11) claimant continues to exhibit chronic, severe, intractable pain symptoms and disability directly related to the allowed claim conditions; and (12) claimant is permanently and totally disabled from all forms of gainful employment from a practical standpoint and incapable of sustained remunerative employment.

{¶ 18} 3. On February 6, 2024, claimant filed an application for PTD compensation.

{¶ 19} 4. In a June 11, 2024, report, commission specialist Priti Nair, M.D., found the following: (1) claimant reports fuzzy visual field with snow, static, glitter, and objects in her visual field; (2) claimant reports headaches that are partially improved, pressure in the right temporal area, and some severe headaches; (3) claimant reports balance impairment due to dizziness or floaters in her visual field; (4) physical examination reveals a slightly wide-based gait pattern, a MOCA evaluation score of 28/30, deficits in attention and concentration, intact short-term memory and higher cognitive function, intact cranial nerves 3-12, strabismus of the left eye, diminished mobility on the left lateral gaze, diminished convergence of the left eye, no nystagmus, normal cervical range of motion, no cervical paraspinal muscle spasm, 5/5 muscle strength, and impaired balance in standing worse with eyes closed; (5) claimant has reached a treatment plateau; (6) claimant's primary deficits are in the area of vision secondary to the concussion resulting in impaired vision for functional tasks, impacting her ability to navigate unfamiliar environments and sleep; (7) prognosis for resolution of her condition is poor; persistent vision snow due to concussion is the primary limiting factor for her capacity to return to her prior level of function; (8) claimant has reached MMI; (9) she has a 0 percent whole person impairment for her cervical strain, 14 percent whole person impairment for her concussion without loss of consciousness, and 9 percent whole person impairment for her post-concussion syndrome, resulting in a combined whole personal impairment of 22 percent; and (10) claimant is unable to work in any capacity due to her impaired vision and balance.

{¶ 20} 5. After a hearing, a staff hearing officer ("SHO") issued an order on September 27, 2024, granting claimant's application for PTD compensation and finding the following: (1) Dr. Haynesworth found in his November 27, 2023, report that examination revealed claimant had difficulty finding words when speaking; difficulty with concentration and short-term memory; inability to focus; visual problems; daily headaches; balance issues that prevent her from being able to perform normal activities of daily living, including driving and the inability to fall asleep and stay asleep; and light and sound sensitivity; (2) Dr. Haynesworth concluded that claimant is incapable of work

activity due to the allowed conditions in the claim; (3) Dr. Nair found in his June 11, 2024, report that claimant suffered from deficits in attention and concentration; impaired balance; impaired vision for functional tasks impacting her ability to navigate unfamiliar environments and her ability to sleep; and persistent visual snow; (4) Dr. Nair opined that, despite appropriate treatment, there has been no interval change in symptom presentation, and claimant's allowed conditions are at MMI; (5) Dr. Nair further opined that claimant's persistent visual snow symptoms are the primary limiting factor for her capacity to return to her prior level of function; claimant has impaired vision and balance that impact her ability to function outside of familiar environments; the persistent visual snow has rendered claimant unable to conduct tasks, such as computer work, navigating unfamiliar environments, standing or walking more than 30 minutes, or negotiating stairs; and claimant has had fall risk and reports sustaining two falls on average per month; (5) Dr. Nair opined that claimant is incapable of work activity; (6) claimant has reached MMI, and she is incapable of performing sustained remunerative employment; and (7) claimant is permanently and totally disabled.

{¶ 21} 6. The employer filed a request for reconsideration, which the commission denied on October 7, 2024.

{¶ 22} 7. On January 13, 2025, the employer filed the instant mandamus action, requesting that this court issue a writ of mandamus ordering the commission to reverse its decision that granted the claimant's application for PTD and issue an order denying claimant's application for PTD.

Conclusions of Law and Discussion:

{¶ 23} The magistrate recommends that this court deny the employer's petition for writ of mandamus.

{¶ 24} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 25} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any

evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 26} "[T]he purpose of permanent and total disability benefits is to compensate injured persons for impairment of earning capacity." *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167, 170 (1987), citing *State ex rel. General Motors Corp. v. Indus. Comm.*, 42 Ohio St.2d 278 (1975). "Permanent total disability is the inability to do *any* sustained remunerative work." (Emphasis sic.) *State ex rel. Schultz v. Indus. Comm.*, 96 Ohio St.3d 27, 2002-Ohio-3316, ¶ 61, citing *Stephenson* at 170. *See* Adm.Code 4121-3-34(B)(1).

{¶ 27} In the present case, the employer argues the following: (1) the SHO's order relies heavily on Dr. Haynesworth's November 27, 2023, report; however, the symptoms reported by Dr. Haynesworth are catalogued solely under the "subjective" section of the report, reflecting these are claimant's self-reported experiences and lacking any objective verification, while the "objective" section of the report reveals entirely normal findings; (2) the SHO also cites Dr. Nair's report, which mentions claimant's visual snow syndrome and balance issues; yet, these conclusions rest exclusively on claimant's subjective complaints, lacking any measurable, objective medical evidence; and (3) the medical evidence is devoid of detailed, positive objective findings, with the only diagnostic test of record – an MRI – yielding negative results and no abnormalities.

{¶ 28} The gist of all three of the employer's arguments in this action is that Drs. Haynesworth's and Nair's reports rely solely on objective findings, and there were no objective findings to support their opinions of disability. However, after a review of both doctors' reports, the magistrate finds that they made objective findings to support their disability opinions. Although Dr. Haynesworth's November 27, 2023, report included a lengthy summary of claimant's subjective complaints, Dr. Haynesworth did make several objective findings to support those complaints. Specifically, Dr. Haynesworth found that claimant exhibited tenderness with palpation to the posterior, left, and right cervical

spine; loss of cervical lordosis; tissue tone changes in her neck with right and left trapezius spasm; and stiffness with neck flexion, extension, and rotation. These objective findings related to the allowed cervical strain.

{¶ 29} Likewise, Dr. Nair made several objective findings to support his disability determination. In his June 11, 2024, report, Dr. Nair summarized claimant's many subjective complaints, but then found that his physical examination revealed claimant had a slightly wide-based gait pattern, strabismus of the left eye, diminished mobility on the left lateral gaze, diminished convergence of the left eye, and impaired balance in standing that worsened with eyes closed. Dr. Nair correlated these objective findings relating to vision to the concussion, and found they impaired her ability to perform functional tasks and impacted her ability to navigate unfamiliar environments and sleep. Dr. Nair found that prognosis for resolution of her condition is poor, particularly considering her impaired balance and vision.

{¶ 30} In sum, the SHO's decision was based upon some evidence in the record; specifically, Drs. Haynesworth's and Nair's reports. The reports clearly contained substantial detailed summaries of the multitude of subjective visual, balance, and cervical complaints, but the reports also contained some objective evidence to support these subjective complaints. Therefore, the employer's arguments are without merit.

{¶ 31} Accordingly, it is the magistrate's recommendation that this court should deny the employer's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III


**NOTICE TO THE PARTIES**


Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as
error on appeal the court's adoption of any factual finding or

legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.